Fischer, J., concurring in part and dissenting in part.
{¶ 49} I concur in the portions of the court's judgment holding that respondent, the Ohio Department of Rehabilitation & Correction ("DRC"), does not need to produce the sealed records identified in DRC's Exhibit 8 log and the third letter identified in DRC's Exhibit 7 log. I disagree, however, that relators, Elizabeth A. Och and Hogan Lovells U.S., L.L.P. (collectively, "Hogan Lovells"), have a clear legal right to access the other sealed records in Exhibit 7.
{¶ 50} Ohio's public-records law "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." State ex rel. Cincinnati Enquirer v. Hamilton Cty. , 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996), citing State ex rel. Thomas v. Ohio State Univ. , 71 Ohio St.3d 245, 246, 643 N.E.2d 126 (1994). I agree that the plain language of R.C. 2949.221 protects information or records that identify or may reasonably lead to the identification of entities requesting confidentiality and their participation in the lethal-injection-drug-related activities described in the statute. As explained in the lead opinion, *70 DRC argues *941 that each of the letters identified in Exhibit 7 should be exempt from disclosure because the identities of the protected entities are inextricably intertwined with the remainder of the information in those records. Lead opinion at ¶ 20. I find this argument to be well-taken.
{¶ 51} I acknowledge our preference for broad disclosure. Gilbert v. Summit Cty. , 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 7. However, I conclude that even with redactions, production of these letters may reasonably lead to the identity of the entities requesting confidentiality. Given this reasonable likelihood, DRC has met its burden of showing that the letters fall squarely within the exception contained within R.C. 2949.221(B). See State ex rel. Cincinnati Enquirer v. Jones-Kelley , 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10. I would accordingly hold that these letters are exempt from public disclosure and that DRC does not have a clear legal duty to produce them.
{¶ 52} For these reasons, I conclude that Hogan Lovells has no clear legal right to the sealed records identified in the Exhibit 7 log. I dissent from the portion of the majority's judgment holding otherwise.
O'Donnell, J., concurs in the foregoing opinion.